UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ADRIAN MALDONADO,

Petitioner,

V.

T.R. CRAIG, Warden,
FCI Ray Brook

Respondent.

---

**REPORT AND RECOMMENDATION**

07-CV-252
(LEK/VEB)

## I. INTRODUCTION

Petitioner Adrian Maldonado, acting *pro se*, commenced this action by filing a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner is an inmate at the Federal Correctional Institution located in Ray Brook, New York. He was convicted in September of 2000 of a violation of 18 U.S.C. §922(g) as a felon in possession of a weapon and sentenced by the United States District Court for the Eastern District of New York to a term of imprisonment. Petitioner's sentence was enhanced as a result of three prior state convictions. Petitioner contests his enhanced sentence.

The Honorable Norman A. Mordue, Chief United States District Judge, referred the instant case to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 6).

## II. BACKGROUND

### A. Facts

On September 19, 2000, Petitioner was convicted in United States District Court for

the Eastern District of New York of criminal possession of a weapon by a felon. See United States v. Maldonado, 20 Fed.Appx. 59, 2001 WL 1178807 (2d Cir. Oct. 3, 2001). Petitioner's sentence was enhanced pursuant to 19 U.S.C. §924(e), based upon three prior state convictions. Id. Petitioner's conviction was affirmed on direct appeal by the U.S. Court of Appeals for the Second Circuit. Id. Petitioner states in his memorandum of law in support of his petition that he did not seek certiorari from the United States Supreme Court, nor has he sought any relief pursuant to 28 U.S.C. §2255[1]. (Docket No. 1, Memorandum of Law at 4).

## III. DISCUSSION

Petitioner argues that his sentence was illegal under the Armed Career Criminal Act, codified at 18 U.S.C. §924(e) as a result of the "recent change in the New York State sentencing scheme under the 'Rockefeller' law.[2]" (Id. at 3). Petitioner asserts that he is entitled to file his petition as a request for relief under 28 U.S.C. §2241 pursuant to the "savings clause" of 28 U.S.C. §2255. (Id.). Lastly, Petitioner contends that he is actually innocent of violating 18 U.S.C. §924(e) "as he no longer meets the elements of 924(e)." (Id. at 4).

---

[1]Petitioner states in his memorandum of law that he did not file a timely §2255 petition before the sentencing court "because to do so at the timely interval would have proven to be frivolous, in that, issues previously litigated on direct appeal will not be relitigated in a motion pursuant to 28 U.S.C. §2255." (Docket No. 1, Memorandum at 6).

[2]The Drug Law Reform Act ("DLRA") of 2004, which took effect January 13, 2005, reduced some of the sentence lengths provided for in the Rockefeller drug laws. However, by its express terms, the DLRA was not to be applied retroactively to crimes committed before the date it took effect. "[T]he Legislature specified that its reduced sentencing provisions . . . 'shall apply to crimes committed on or after the effective date thereof.' " See People v. Utsey, 7 N.Y.3d 398, 403 (N.Y. 2006).

As an initial matter, it is important to note that Petitioner does not dispute the fact that at the time he was sentenced he had three prior state convictions, or that those convictions provided a valid basis for the sentence enhancement pursuant to 18 U.S.C. §924(e) at the time the sentence was imposed. Rather, Petitioner's argument relies upon the theory that the subsequent change in the Rockefeller drug law would be applied retroactively to his three prior convictions, thereby reducing their sentence lengths and ultimately making him ineligible for his sentencing enhancement.

It is well-settled in this Circuit that a petition filed pursuant to § 2241 "generally challenges the execution of a federal prisoner's sentence," rather than the imposition of the sentence itself. Jiminian v. Nash, 245 F.3d 144, 146-47 (2d Cir.2001). A § 2241 petition is generally the appropriate vehicle to raise claims arising from prison conditions or a prison official's computation of a prisoner's sentence. Id.; see also Chambers v. United States, 106 F.3d 472, 474-75 (2d Cir.1997) (discussing circumstances under which a federal prisoner may properly file a § 2241 petition).

"In contrast, § 2255 is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence, as it encompasses claims that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.'" Jiminian, 245 F.3d at 147 (quoting 28 U.S.C. § 2255, ¶ 1).

Petitioner's claim challenges the sentence enhancement imposed by the United States District Court for the Eastern District of New York. Petitioner does not contest the conditions of his confinement or the Bureau of Prisons' calculation or execution of his

sentence. Rather, Petitioner is attacking the imposition of his sentence in light of New York State's reform to the Rockefeller drug laws.

This type of claim is most properly raised pursuant to § 2255. See Brooks v. United States, No. CV 06-1728, 2007 WL 1655775, at *2 (E.D.N.Y. June 5, 2007)("'[N]o matter what title the prisoner plasters on the [application's] cover ... [i]t is the substance that controls' and a petitioner cannot avoid the requirements of § 2255 by 'inventive captioning.'") (quoting Melton v. United States, 359 F.3d 855, 857 (7th Cir.2004)). As noted above, Petitioner has never sought relief pursuant to § 2255. See (Docket No. 1, Memorandum at 6).

Ordinarily, in this Circuit, a district court faced with a petition attempting to raise claims pursuant to § 2241 that were raised or should have been raised in a prior § 2255 motion has two options: it can "treat the § 2241 petition as a second or successive § 2255 petition and refer the petition to [the Second Circuit] for certification, . . . or, if it is plain from the petition that the prisoner cannot demonstrate that a remedy under § 2255 would be inadequate or ineffective to test the legality of his detention, [whether or not the Circuit certifies a successive petition] the district court may dismiss the § 2241 petition for lack of jurisdiction." Adams v. United States, 372 F.3d 132, 136 (2d Cir. 2004).

This Court elects to follow the latter course for the following reasons:[3] Pursuant to

---

[3]In an earlier Adams ("Adams I") decision, the Second Circuit prohibited district courts from converting a post-conviction motion into a § 2255 motion without giving the prisoner notice and an opportunity to withdraw the motion. Adams v. United States, 155 F.3d 582, 584 (2d Cir.1998) (*per curiam*). The Second Circuit reasoned that because of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limitations on the filing of second or successive § 2255 motions, a prisoner should be provided with notice of the possible conversion and an opportunity to withdraw the motion or add additional claims. Id. at 583-84. "If a district court receiving a motion under some other provision of law elects to treat it as a motion under § 2255 and then denies it, that may cause the movant's subsequent filing of a motion under § 2255 to be barred as a 'second' § 2255." Id. at 583. Adams I applies in these circumstances, where as here, a federal prisoner has not yet filed a § 2255 motion.

the Judiciary Act of 1789, ch. 20, § 14, 1 Stat. 73, 81-82, federal courts have jurisdiction to issue writs of habeas corpus to prisoners in the custody of the federal government. See McCleskey v. Zant, 499 U.S. 467, 477-78, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991); United States v. Hayman, 342 U.S. 205, 210, 72 S.Ct. 263, 96 L.Ed. 232 (1952). This judicial power is codified at 28 U.S.C. § 2241, which provides, in pertinent part, that federal courts may consider habeas corpus petitions from federal prisoners "in custody in violation of the Constitution or laws or treaties of the United States." See Jiminian v. Nash, 245 F.3d 144, 147 (2d Cir.2001).

However, in 1948, Congress enacted 28 U.S.C. § 2255, which restricted the exercise of § 2241 jurisdiction, "such that federal prisoners challenging the legality of their convictions or sentences must proceed by way of motion pursuant to 28 U.S.C. § 2255, with § 2241 petitions generally reserved for challenges to 'the *execution* of a federal prisoner's sentence.'" Cephas v. Nash, 328 F.3d 98, 103 (2d Cir. 2003) (quoting Jiminian, 245 F.3d at 146-47 (emphasis in original)); see also Triestman v. United States, 124 F.3d 361, 373-74 (2d Cir. 1997).

However, although a federal prisoner must generally use § 2255 instead of § 2241 when challenging the legality of a conviction or sentence, § 2255 contains an important "savings clause," which permits a § 2241 petition where "the remedy by motion [pursuant to § 2255] is inadequate or ineffective to test the legality of his detention."

The Second Circuit has explained that:

> The net result of this statutory scheme is to limit federal jurisdiction to hear habeas claims based on the invalidity of a federal conviction or sentence to § 2255 unless

> a petitioner can show that a motion pursuant to that section is "inadequate or ineffective to test the legality of his detention." If such a showing can be made, federal courts retain jurisdiction to hear the habeas petition pursuant to § 2241. But if the necessary showing cannot be made, § 2241 cannot be invoked, and the district court must either dismiss the habeas petition for lack of jurisdiction or recast it as a § 2255 motion

Cephas, 328 F.3d at 104.

Accordingly, the threshold question presented by the instant Petition is whether Petitioner can demonstrate that a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention." Absent such a showing, this Court lacks jurisdiction to consider the instant Petition under § 2241.

In Triestman and Cephas, the Second Circuit considered the meaning of the "inadequate and ineffective" standard for invoking the savings clause of § 2255. To wit, the Second Circuit concluded that the phrase refers to "those cases 'in which the petitioner cannot, for whatever reason, utilize § 2255, and in which the failure to allow for collateral review would raise serious constitutional questions.'" Cephas, 328 F.3d at 104 (quoting Triestman, 124 F.3d at 377). The Second Circuit indicated that this standard would be satisfied in "relatively few" cases. Id.

Courts, including the Second Circuit, have generally concluded that the savings clause standard is satisfied only in cases "involving prisoners who (1) can prove 'actual innocence on the existing record' and (2) could not have effectively raise [their] claim[s] of innocence at an earlier time." Cephas, 328 F.3d at 104 & n.6 (collecting cases and quoting Triestman, 124 F.3d at 378) (alterations in original). In the present case, Petitioner seeks to invoke § 2255's savings clause as the basis for bringing this Petition under § 2241.

While it appears that relief under § 2255 may have been unavailable to Petitioner

because the change in the New York drug law occurred after the one-year statute of limitations for bringing a § 2255 motion had expired, that alone does not establish that the denial of Petitioner's request to proceed under § 2255's savings clause raises a "serious constitutional question." Love v. Menifee, 333 F.3d 69, 73 (2d Cir. 2003).

To raise a serious constitutional question, Petitioner would have to demonstrate "actual innocence." Such claims are extremely rare and must be premised upon a clear and convincing showing of "factual innocence not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).

The Supreme Court has made clear that "the concept of 'actual[ ]' ... innocence" is "distinct from [the concept of] 'legal [ ]' innocence." Smith v. Murray, 477 U.S. 527, 537, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986). "'In the context of a noncapital case, the concept of 'actual innocence' is easy to grasp,' because it normally means simply that the defendant did not commit the crime." Poindexter v. Nash, 333 F.3d 372, 380-81 (2d Cir. 2003)(quoting Sawyer v. Whitley, 505 U.S. 333, 341, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992)).

Stated succinctly, "[a] claim of actual innocence is simply a claim that the petitioner did not commit the crime of which he has been convicted." Figueroa v. Walsh, No. 06-CV-4179, 2007 WL 2288048, at *4 (E.D.N.Y. Aug. 8, 2007); see also Wongus v. Craig, No. 06-CV-0618, 2006 WL 2862219, at *2 (N.D.N.Y. Oct. 5, 2006)(dismissing § 2241 petition because petitioner "set forth nothing to demonstrate that he is actually innocent of the acts which he claims were used to enhance his sentence").

In the present case, Petitioner asserts that he is "actually innocent" because the

change with respect to the Rockefeller drug law would have precluded the use of his three prior drug convictions as sentencing enhancements pursuant to 18 U.S.C. §924(e) because they would have been reduced in lengths, and been unavailable for enhancement. However, Petitioner does not dispute that at the time of his sentencing he had three prior convictions that were properly used to enhance his sentence under prevailing law.

In other words, Petitioner's argument is that a *subsequent* change to the law, which by its own terms was not retroactive, somehow renders the sentence legally invalid. This does not constitute a claim of actual innocence and dismissal for lack of jurisdiction under § 2241 is warranted. Cephas, 328 F.3d at 105 ("[W]here ... petitioner invokes § 2241 jurisdiction to raise claims that clearly could have been pursued earlier, *or where his asserted innocence is plainly belied by the record*, then the savings clause of § 2255 is not triggered and dismissal of the § 2241 petition for lack of jurisdiction is warranted.) (emphasis added).

## IV. CONCLUSION

For the reasons stated above, the Court recommends Adrian Maldonado's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be denied and that the Petition be dismissed. Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, I recommend that a certificate of appealability not issue. See 28 U.S.C. § 2253(c)(2) (1996).

Respectfully submitted,

DATED: November 3, 2008

Syracuse, New York

Victor E. Bianchini
United States Magistrate Judge

**V. ORDERS**

Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as NDNY Local Rule 72.1(c).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and NDNY

Local Rule 72.1(c).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material *which could have been, but were not*, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

SO ORDERED.

November 3 , 2008

Victor E. Bianchini
United States Magistrate Judge